# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

KOFI EASTERLING,

        Plaintiff,

    v.                                    Case No. 08-C-0182

SUSAN SCHMEICHEL,

        Defendant.

## ORDER RE: PLAINTIFF'S PETITION TO PROCEED IN FORMA PAUPERIS

Plaintiff, Kofi Easterling, a state prisoner, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. This matter comes before the court on the plaintiff's petition to proceed *in forma pauperis*.

The plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, he or she can request leave to proceed *in forma pauperis*. To proceed with an action in forma pauperis, the prisoner must complete a petition and affidavit to proceed *in forma pauperis* and return it to the court with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. The court then assesses and, when funds exist, collects from the plaintiff at the time the action is filed an initial partial filing fee of 20% of the average monthly deposits to or the average monthly balance

in the prisoner's trust account for the six-month period immediately preceding the filing of the complaint.[1]

Pursuant to this court's order dated March 11, 2008, the plaintiff has been assessed and paid an initial partial filing fee of $1.47. Thus, the plaintiff's petition to proceed *in forma pauperis* will be granted. The remainder of the filing fee will be collected as set forth below.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To avoid dismissal for failure to state a claim, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). It is not necessary for the plaintiff to plead specific facts; his statement need only "give the defendant fair

---

[1] In no event will a prisoner be prohibited from bringing a civil action because he or she has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4).

2

notice of what the ... claim is and the grounds upon which it rests." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). In deciding whether the complaint states a claim, the court must accept as true all of the factual allegations contained in the complaint. *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1965 (2007). Of course, if a complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." *Thomson v. Washington*, 362 F.3d 969, 970 (7th Cir. 2004).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was visited upon him by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, however inartfully pleaded, a liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

**A.    Background**

The plaintiff was incarcerated at Green Bay Correctional Institution (GBCI) at all times relevant. Defendant Susan Schmeichel is the records office supervisor at GBCI.

On October 20, 2001, the plaintiff was arrested for being a felon in possession of a firearm. The plaintiff was subsequently convicted and sentenced on July 10, 2002. He received a seven-year bifurcated sentence, with a four-year prison sentence and three years of extended supervision. This sentence was to run consecutive to the plaintiff's prior probation revocation sentence of two years, four months and twenty-two days.

The plaintiff completed his revocation sentence on February 15, 2004, and his felon in possession sentence on February 21, 2008. A court order was issued directing that he be released on February 21, 2008. However, defendant Schmeichel refused to release the plaintiff.

3

The plaintiff avers that his constitutional rights were violated when he was illegally detained past the expiration of his prison sentence. Additionally, he asserts that he was falsely imprisoned by defendant Schmeichel. For relief, the plaintiff demands that he be released and that defendant Schmeichel be fired from her job.

**B.    Analysis**

The plaintiff claims that he was detained longer than he should have been due to defendant Schmeichel's failure to obey a court order calling for his release. "[I]ncarceration after the time specified in a sentence expires violates the Eighth Amendment if it is the product of deliberate indifference." *Burke v. Johnston*, 452 F.3d 665, 669 ; *see also Campbell v. Peters*, 256 F.3d 695, 700 (7th Cir. 2001); *Russell v. Lazar*, 300 F. Supp. 2d 716, 720 (E.D. Wis.). The plaintiff must establish three elements to show deliberate indifference: (1) "that a prison official knew of the prisoner's problem and thus of the risk that unwarranted punishment was being inflicted;" (2) "that the official either failed to act or took only ineffectual action under the circumstances;" and (3) "that there was a causal connection between the official's response to the problem and the unjustified detention." *Id*. (quoting *Moore v. Tartler*, 986 F.2d 682, 686 (3rd Cir. 1993)). Thus, the plaintiff has stated a claim predicated on the Eighth Amendment.

The plaintiff also claims that he was falsely imprisoned. Wisconsin law recognizes a claim for the tort of false imprisonment. *See Lane v. Collins*, 138 N.W. 2d 264 (Wis. 1965). False imprisonment has been defined as "The unlawful restraint by one person of the physical liberty of another." *Id.* (quoting *Weiler v. Herzfled-Phillipson Co.*, 208 N.W. 599 (Wis. 1926); *Hadler v. Rhyner*, 12 N.W. 2d 693 (Wis. S. Ct. 1944); *Weber v. Young*, 26 N.W. 2d. 543 (Wis. 1947)).

4

In any civil action in which district courts have original jurisdiction, "district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . .". 28 U.S.C. § 1367(a).

At this stage of the proceedings, it appears that the plaintiff's false imprisonment claim is sufficiently related to his Eighth Amendment claim for purposes of supplemental jurisdiction. Thus, the plaintiff may proceed on a state false imprisonment claim.

**IT IS THEREFORE ORDERED** that the plaintiff's petition to proceed *in forma pauperis* (Docket # 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint, the summons, and this order upon the defendant pursuant to Federal Rule of Civil Procedure 4. The plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

**IT IS ALSO ORDERED** that the defendant shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $348.53 balance of the filing fee by collecting monthly payments from his prison trust account in an amount equal to 20% of the preceding month's income credited to his trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §

5

1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

The plaintiff is hereby notified that he is required to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Fed. R. Civ. P. 5(a). The plaintiff should also retain a personal copy of each document. If the plaintiff does not have access to a photocopy machine, he may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk's Office of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin this <u>21st</u> day of April, 2008.

BY THE COURT:


<u>/s/ William E. Callahan, Jr.</u>
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge

6