# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

KOFI EASTERLING,
        Plaintiff,

    v.                                  Case No. 08-C-0182

SUE SCHMEICHEL,
        Defendant,

## DECISION AND ORDER

Plaintiff Kofi Easterling, a state prisoner at all times relevant, filed this pro se civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff was granted leave to proceed in forma pauperis on his federal claim that the defendant violated his Eighth Amendment rights by refusing to release him from prison on February 21, 2008, and on his state claim that the defendant falsely imprisoned him by refusing to release him from prison on February 21, 2008. Currently before me is defendant's motion for summary judgment.

### I.  SUMMARY JUDGMENT STANDARD

Summary judgment is required "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The mere existence of some factual dispute does not defeat a summary judgment motion; "the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986) (emphasis deleted). For a dispute to be genuine, the evidence must be such that a "reasonable jury could return a verdict for the nonmoving party." Id. For the fact to be material, it must relate to a disputed matter that "might affect the outcome of the suit." Id.

Although summary judgment is a useful tool for isolating and terminating factually unsupported claims, Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986), courts should act with caution in granting summary judgment, Anderson, 477 U.S. at 255. When the evidence presented shows a dispute over facts that might affect the outcome of the suit under governing law, summary judgment must be denied. Id. at 248.

The moving party bears the initial burden of demonstrating that he is entitled to judgment as a matter of law. Celotex Corp., 477 U.S. at 323. Where the moving party seeks summary judgment on the ground that there is an absence of evidence to support the non-moving party's case, the moving party may satisfy his initial burden simply by pointing out the absence of evidence. Id. at 325. Once the moving party's initial burden is met, the nonmoving party must "go beyond the pleadings" and designate specific facts to support each element of the cause of action, showing a genuine issue for trial. Id. at 322-23. Neither party may rest on mere allegations or denials in the pleadings, Anderson, 477 U.S. at 248, or upon conclusory statements in affidavits, Palucki v. Sears, Roebuck & Co., 879 F.2d 1568, 1572 (7th Cir. 1989). In considering a motion for summary judgment, I may consider any materials that would be admissible or usable at trial, including properly authenticated and admissible documents. Woods v. City of Chicago, 234 F.3d 979, 988 (7th Cir. 2000).

In evaluating a motion for summary judgment, the court must draw all inferences in a light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). However, it is "not required to draw every conceivable inference from the record — only those inferences that are reasonable." Bank Leumi Le-Israel, B.M. v. Lee, 928 F.2d 232, 236 (7th Cir. 1991).

2

Case 2:08-cv-00182-LA   Filed 02/18/09   Page 2 of 10   Document 33

## II. FACTS [1]

Defendant Susan Schmeichel is a records supervisor employed by the Wisconsin Department of Corrections. (Affidavit of Susan A. Schmeichel [Schmeichel Aff.], ¶ 2; Compl. at 2). Plaintiff Kofi Easterling was a state prisoner at all times relevant this action.

On July 10, 2002, plaintiff was sentenced in Milwaukee County Case No. 01-CF-5633 (the "2001 case") on felony Count 1 to a seven year bifurcated sentence with four years imprisonment and three years extended supervision for a violation of Wis. Stat. § 941.29(2), Possession of Firearm by Felon. (Schmeichel Aff., ¶ 5; Compl. at 3). The four years of imprisonment was consecutive to any other sentence. (Schmeichel Aff., ¶ 5). Also on July 10, 2002, in the same case, the court sentenced plaintiff on misdemeanor Count 2, for violating Wis. Stat. § 941.20(1)(c), Intentionally Pointing Firearm at a Person, and on misdemeanor Count 3, a violation of Wis. Stat. § 941.23, Carrying a Concealed Weapon. (Schmeichel Aff., ¶ 5). On Count 2, plaintiff was sentenced to one year of imprisonment consecutive to Count 1 and any other sentence. (Schmeichel Aff., ¶ 5). On Count 3, plaintiff was sentenced to one year of imprisonment concurrent to Count 2 and any other sentence. (Schmeichel Aff., ¶ 5). Plaintiff received no credit for time served on any of these sentences. (Schmeichel Aff., Exs. A and B).

Plaintiff's actions that led to his conviction in the 2001 case also constituted a violation of his parole in Milwaukee County Case No. 94-CF-3046 (the "1994 case"). In the

---

[1] The facts are taken from Defendant's Proposed Findings of Fact, affidavit and submitted exhibits. Plaintiff has not responded to defendant's proposed findings of fact. Because the plaintiff's complaint is sworn, I have construed it as an additional affidavit at the summary judgment stage. Ford v. Wilson, 90 F.3d 245, 246 (7th Cir. 1996). I have also reviewed the documents plaintiff submitted in opposition to defendant's motion for summary judgment.

3

1994 case, plaintiff was sentenced to two years, four months and 22 days of reincarceration, which he began serving on July 12, 2002. (Compl. at 3).

It is undisputed that plaintiff completed his revocation sentence in the 1994 case on February 15, 2004. (Schmeichel Aff., ¶ 4; Compl. at 3). It is also undisputed that plaintiff began serving his four-year bifurcated sentence on Count 1 on February 15, 2004 and completed this sentence on February 21, 2008. (Schmeichel Aff., ¶ 6; Compl. at 3).

This is where the parties diverge. Defendant avers that on February 21, 2008, plaintiff began serving his one-year sentence on Count 2 and, pursuant to Wis. Stat. §§ 973.01(1) and 302.11(1), reached his mandatory release date on October 21, 2008. (Schmeichel Aff., ¶ 7). Plaintiff contends that February 21, 2008 was his mandatory release date and that he should have begun his extended supervision at that time.

### III. ANALYSIS

Defendant contends that the undisputed facts establish that plaintiff did not reach his mandatory release date until October 21, 2008, that he was not kept past his mandatory release date, and that therefore defendant did not violate plaintiff's Eight Amendment rights. Defendant further contends that plaintiff could not succeed on a false imprisonment claim and that she is entitled to qualified immunity. Plaintiff argues that February 21, 2008, was his mandatory release date.

The undisputed facts reveal that plaintiff completed his revocation sentence in the 1994 case on February 15, 2004, and that he began serving his four-year bifurcated sentence on Count 1 on February 15, 2004 and completed this sentence on February 21, 2008. (Schmeichel Aff., ¶¶ 4, 6; Compl. at 3). Defendant has submitted evidence that plaintiff began serving his one-year consecutive sentence on Count 2 on that date.

(Schmeichel Aff., ¶ 7). Although plaintiff's Count 2 sentence on its own could have been served in a county jail or house of correction, "[a] defendant sentenced to the Wisconsin state prisons and to a county jail or house of correction for separate crimes shall serve all sentences whether concurrent or consecutive in the state prisons." Wis. Stat. § 973.03(2).

Plaintiff makes a number of arguments in his sworn complaint and in his "challenge" to defendant's motion for summary judgment. With his opposition brief, plaintiff also submitted a number of documents pertaining to his sentences and incarceration.[2]

## A. Plaintiff's Complaint

In his sworn complaint, plaintiff makes the following argument.

> Ms. Sue Schmeichel violated a court order (judgment of conviction dated 7/12/02 Case No. 01CF005633) and violated Act 283 Truth & Sentence guidelines by refusing to release me from prison on 2/21/08 which is the first Tuesday 2/19/08. Act 238 Truth & Sentence guideline states. A non-bifurcated misdemeanor sentence, cannot be added on to a felony Bifurcated Sentence, when the Bifurcated Sentence is a prison sentence. A county jail sentence (prison) and cannot be added to Bifurcated prison term afterwards. Sue Schmeichel has illegally sentenced me to two additional years one in prison one added to my extended supervision. [sic]

(Compl. at 4). In the margin of the same page, plaintiff cites several legal authorities: Wis Stat. § 973.01(5); Wis. Supreme Court - form No. CR-234; Wis. Stat. § 302.113(4); and Wis. Stat. § 973.01(1). (Compl. at 4).

First, Wisconsin Statute § 973.01(5), states:

---

[2] Plaintiff's "challenge" to defendant's motion for summary judgment is not sworn. Nor are the documents attached thereto certified or incorporated into a sworn affidavit by reference. Defendant did not file a reply brief or object to the documents plaintiff submitted. Although the documents would not be admissible at trial, see Fed. R. Civ. P. 56(e)(1), I have reviewed them and consider them to speak for themselves.

5

> EXTENDED SUPERVISION CONDITIONS. Whenever the court imposes a bifurcated sentence under sub. (1), the court may impose conditions upon the term of extended supervision.

This has no bearing on the matter before me.

Second, Wisconsin Supreme Court Form CR-234 is a worksheet and explanation that informs a criminal defendant about his bifurcated sentence. The form does not contain the statements plaintiff includes in his argument.

Third, Wisconsin Statute § 973.01(1), provides, in relevant part, that "whenever a court sentences a person to imprisonment in the Wisconsin state prisons for a felony committed on or after December 31, 1999, or a misdemeanor committed on or after February 1, 2003, the court shall impose a bifurcated sentence under this section." Defendants also cite this statute, which explains that plaintiff's bifurcated sentence on Count 1 was required (because it was for a felony committed after December 31, 1999) and exhibits why plaintiff did not receive bifurcated sentences on Counts 2 and 3 (because they were for misdemeanors committed prior to February 1, 2003).

Fourth, Wisconsin Statute § 302.113(4) provides that "all consecutive sentences imposed for crimes committed on or after December 31, 1999, shall be computed as one continuous sentence. The person shall serve any term of extended supervision after serving all terms of confinement in prison." This section not only undermines plaintiff's arguments, but provides the reason that plaintiff had to serve his one-year consecutive sentence before beginning extended supervision. None of the authorities plaintiff cites support his argument. In fact, they bolster defendant's position.[3]

---

[3] Even if plaintiff's assertions were supported by Wisconsin law, this § 1983 action is not the appropriate vehicle to challenge the sentence he received in the 2001 case.

6

Also in his complaint, plaintiff acknowledges he may be wrong about his mandatory release date. As his relief requested, plaintiff wrote:

> If there's a one year co. jail sentence owed, I would like the courts to release me to the custody of the Milwaukee Co. Sheriff's department, to serve that county jail sentence, because my state sentence ends 2/21/08. And not illegally punished with more prison time![4]

(Compl. at 4-5). Plaintiff also requested that defendant be fired for "abuse of position and false imprisonment." (Compl. at 5).

### B. Plaintiff's Challenge to Defendant's Motion for Summary Judgment

In his unsworn opposition to defendant's motion for summary judgment, plaintiff argues that he served his sentences for Counts 2 and 3 of the 2001 case (which were both one-year and concurrent to each other) before beginning his four-year sentence on Count 1. Plaintiff also argues that the jail credit he received off his revocation sentence in the 1994 case should also have reduced his sentences on Counts 2 and 3. Finally plaintiff argues that defendant illegally bifurcated a misdemeanor county jail sentence by giving him eight months prison and one year extended supervision for a one year sentence he had already served.

First, plaintiff presents no evidence that he served the one-year consecutive sentence on Count 2 (or the one-year concurrent sentence on Count 3) prior to the four-year sentence on Count 1. Plaintiff attempts to support his argument with his revocation order and warrant from the 1994 case. Plaintiff has notes regarding his period of reincarceration, the jail credit due, and the date he entered state custody. He seems to suggest that the dates do not add

---

[4] Even if plaintiff succeeded on his claims, I do not have the power to grant this relief because Wis. Stat. § 973.03(2) requires that all time be served in state prison when an inmate has both a state prison and county jail sentence to serve.

7

up and/or that he was not given all of the jail credit to which he was entitled on his revocation sentence. However, I fail to see how any of the documents plaintiff has submitted supports his argument that he had served the sentences on Counts 2 and 3 in his 2001 case prior to the sentence on Count 1 in the 2001 case. Further, plaintiff's argument is undermined by his averment in his sworn complaint that he began to serve his revocation sentence from the 1994 case on July 12, 2002 and completed it on February 15, 2004. (Compl. at 3). Nothing in plaintiff's sworn complaint suggests that he had served any part of the sentences in the 2001 case, entered on July 10, 2002, prior to February 15, 2004, when he began serving the confinement portion of his bifurcated sentence on Count 1 in the 2001 case.

Second, any jail credit plaintiff received on his revocation sentence in the 1994 case did not apply to his sentences on Counts 2 and 3 in the 2001 case. (Schmeichel Aff., Ex. B). Plaintiff received "Credit for 0 days time served" on each of those counts. Id.

Plaintiff's final argument is based on the assumption that he had already served his one-year sentence before February 21, 2008. There is no evidence to support that assertion. Therefore, plaintiff's argument cannot succeed.

In summary, defendant has presented evidence showing that plaintiff was not kept after his mandatory release date because his release date was not February 21, 2008. Rather, that was the day plaintiff began serving his one-year sentence on Count 2.[5] Plaintiff has submitted no evidence sufficient to create a question of fact regarding his mandatory release date or to preclude summary judgment in defendant's favor. Therefore, as the

---

[5] Plaintiff's one-year sentence on Count 2 was subject to reduction (and was reduced) by Wis. Stat. §§ 973.01(1) and 302.11(1). The court has contacted the DOC and confirmed that plaintiff was released on October 21, 2008.

undisputed facts establish that plaintiff was not incarcerated beyond his mandatory release date, both his Eighth Amendment and false imprisonment claims fail.

## IV. PLAINTIFF'S ADDITIONAL MOTIONS

On December 16, 2008, plaintiff filed a motion rejecting defendant's motion for partial summary judgment filed September 30, 2008. Although the motion bore the docket number for this case, a review of the court's docket confirmed that plaintiff intended to file the motion in another case he has pending in this district, <u>Easterling v. Pollard, et al.</u>, Case No. 08-C-0295. In that case, defendants filed a motion for partial summary on September 30, 2008. Accordingly, I will deny as moot the motion filed in this case.

Plaintiff has also filed a motion for order to end all delays. He asks me to order defendant and defendant's counsel to end all delays and proceed immediately with this case. Defendant has complied with all of my orders in this case. Therefore, I will deny plaintiff's motion as moot.

## V. CONCLUSION

**For the foregoing reasons,**

**IT IS THEREFORE ORDERED** that defendant's motion for summary judgment (Docket #18) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment accordingly.

**IT IS ALSO ORDERED** that plaintiff's motion rejecting defendants' motion for partial summary judgment filed September 30, 2008 (Docket #28) is **DENIED AS MOOT**.

**IT IS ALSO ORDERED** that plaintiff's motion for order to end all delays (Docket #31) is **DENIED AS MOOT**.

9

Dated at Milwaukee, Wisconsin, this 18 day of February, 2009.

/s
LYNN ADELMAN
District Judge